HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN A. AUSTIN Jr.,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON *and* KING COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | CASE NO. 2:25-cv-01742-RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on Plaintiff John A. Austin, Jr.'s Motion for Summary Judgment (the "Summary Judgment Motion," Dkt. # 9), Defendant King County Sheriff's Office's Motion to Dismiss (the "King County Motion," Dkt. # 17), and Defendant State of Washington's Motion to Dismiss (the "Washington State Motion," Dkt. # 30). The Court has reviewed the foregoing motions, the submissions filed in support of and opposition to the motions, and the balance of the record. For the reasons set forth below, the Court **GRANTS** the King County Motion and the Washington State Motion. The Court **DENIES AS MOOT** the Summary Judgment Motion.

## II. BACKGROUND

Plaintiff John A. Austin, Jr. initiated this action on September 9, 2025 by filing a Complaint for Violation of Civil Rights, naming the State of Washington, the "City and County of Seattle," and the King County Sheriff's Office as defendants. Dkt. # 1. On February 11, 2024, Plaintiff's sister, Jackie Austin, died after being struck by a motorist named Adam Graves. *Id.* at 6 (citing "Collision Report #EE51009"). Plaintiff alleges that Mr. Graves struck Ms. Austin with his car after losing control of the vehicle due to an epileptic episode. *Id.* Plaintiff further alleges that Mr. Graves had previously experienced a motor collision on August 23, 2023, during another epileptic episode. *Id.* (citing "Collision Report # ED92984"). Plaintiff asserts that had Mr. Graves' driving privileges been revoked by Defendants following the August 2023 collision, his sister "may still be alive." *Id.* at 7. Plaintiff accordingly seeks monetary relief for alleged violations arising under 42 U.S.C. § 1983, citing the loss of his sister's life, the loss of her "society and companionship," the loss of Plaintiff's employment, Plaintiff's pain and emotional grief, and "[p]unitive damages" required as "justice" for his sister's death. *Id.*

Plaintiff did not attach either of the reports associated with either of the aforementioned collisions to the Complaint. However, when Plaintiff subsequently filed the Summary Judgment Motion, he attached two reports purportedly authored by the

Washington State Police that appear to be consistent with the reports labelled "Collision Report #EE51009" and "Collision Report # ED92984" cited in the Complaint. *See* Dkt. # 9 at 5–11 (Washington Police Traffic Collision Report and Supplemental Report No. EE51009), 12–15 (Washington Police Traffic Collision Report No. ED92984)). Collision Report #EE51009 provides that Mr. Graves "reportedly experienced a seizure" while driving southbound at a high rate of speed on International Boulevard in SeaTac, Washington. *Id.* at 8. After colliding with another vehicle, Mr. Graves' vehicle continued south and crossed the median of International Boulevard, ultimately striking Ms. Austin, a pedestrian. *Id.* Collision Report # ED92984 provides that, during the August 2023 collision, Mr. Graves experienced a "bout with epilipse [*sic*] and drove off the roadway," striking a tree. *Id.* at 14. The report provides that the collision occurred on Washington State Route 530 in County # 29. *Id.* at 12.

The King County Sheriff's Office filed the King County Motion on November 17, 2025, seeking dismissal of the claims against it on the basis of improper service of process, failure to sue the correct legal entity, and failure to state a claim. Dkt. # 17. On January 26, 2026, the Court dismissed Plaintiff's claims against the City of Seattle without prejudice due to Plaintiff's failure to provide proof that proper service of the Summons and Complaint had been made as required by Fed. R. Civ. P. 4(j)(2) and 4(m). Dkt. # 28. The State of Washington subsequently filed the Washington State Motion, seeking dismissal of the claims against it on the basis of Eleventh Amendment immunity, failure to sue a proper defendant, and failure to state a cognizable claim. Dkt. # 30.

## III. LEGAL STANDARD

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the

suit. *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A party may bring a factual challenge to subject matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

Rule 12(b)(5) separately allows for dismissal based on insufficient service of process, allowing a defendant to challenge the method of service attempted by the plaintiff. Fed. R. Civ. P. 12(b)(5).

Finally, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

## IV. DISCUSSION

### A. King County Motion

The King County Motion identifies several grounds for dismissal of the claims against the King County Sheriff's Office. The first is insufficient service of process, which is a basis for dismissal under Rule 12(b)(5). Plaintiff admits in his opposition to the King County Motion that he sent the Summons and Complaint in this action to the King County Sheriff's Office by certified mail, and explains that he believed this form of service to be permissible under Federal Rule of Civil Procedure 4. Dkt. # 20 at 2. Plaintiff further asserts that he spoke to a representative of the Clerk's Office, who purportedly opined that service via certified mail would be in alignment with the applicable rules. However, as the King County Sheriff's Office notes in its reply in support of the King County Motion, the Federal Rules of Civil Procedure allow for service upon the *United States* government via certified mail. Fed. R. Civ. P. 4(i)(1)(A)(ii); Dkt. # 24 at 3. The King County Sheriff's Office is an entity within King County, which is a *local* government. The provision of the Federal Rules applicable to local governments does not permit service via certified mail, and instead contemplates either (1) delivery of a copy of the summons and of the complaint to [the governmental organization's] chief executive officer; or (2) service in a manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Here, state law dictates that service upon a county must be served upon the county auditor, the deputy auditor, or "the agent, if any, designated by the legislative authority [of a charter county]." RCW 4.28.080(1). In King County, the designated agent is the manager of the records and licensing services division. KCC 2.04.010. Plaintiff did not serve the summons and complaint upon the county auditor, the deputy auditor, or the manager of the records and licensing services division. Accordingly. Plaintiff's attempted service of the summons and complaint was insufficient to effectuate proper service under Fed. R. Civ. P. 4(j)(2), and dismissal under Fed. R. Civ. P. 12(b)(5) is proper.

Even if service had been adequately effectuated, however, under applicable Washington law, the "King County Sheriff's Office" is not a proper defendant in an action involving a county. *See Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."); *Lewis v. King Cnty.*, No. C16-1112-JLR-JPD, 2017 WL 8897137, at *1 n.1 (W.D. Wash. Apr. 18, 2017) (citing *Nolan* and finding that "the King County Sheriff's Office[ is an] entit[y] of King County and, as such, [is] not subject to suit.").

Because the Court finds that the foregoing procedural defects warrant dismissal, the Court need not reach the merits of Plaintiff's claims against King County to adjudicate the King County Motion. However, the Court does observe that, based on its review of the record, the operative complaint appears to fail to state a plausible § 1983 claim against King County. Specifically, Plaintiff asserts that the King County Sheriff's Office failed to revoke Mr. Graves' driving privileges following the August 2023 incident, and that this failure to act resulted in the February 2024 collision which caused his sister's death. However, Collision Report # ED92984[1] indicates that the August 2023 collision occurred in Skagit County,[2] not King County. Dkt. # 9 at 12. There is no indication that any entity

[1] The Court finds that both collision reports attached to Plaintiff's Summary Judgment Motion are incorporated into the complaint by reference. Incorporation by reference is appropriate because both reports "form[] the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Specifically, Plaintiff alleges that both collisions involved the same driver, were caused by the driver's epileptic episodes, and occurred in King County, and alleges that the King County Sheriff's Office could have taken action following the first collision that may have prevented the second collision. Dkt. # 1 at 6. Accordingly, as relevant here, the contents of Collision Report # ED92984, which documents the first collision, are subject to consideration by the Court, as "the complaint refers to the document," the document is "central" to Plaintiff's claim, and no party has explicitly questioned the authenticity of the copy referenced in the King County Motion. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

[2] The Court takes judicial notice of the codes assigned to different counties in the State of Washington by the Washington State Administrative Office of the Courts, *available* at

in King County was ever made aware of the August 2023 collision. Accordingly, Plaintiff's Complaint falls far short of the standard required to plead a § 1983 claim, which requires a plaintiff to allege facts supporting a reasonable inference that the governmental entity adopted a policy, custom, or practice that amounted to deliberate indifference to the plaintiff's constitutional right and resulted in the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–92 (1978).

For the foregoing reasons, the Court grants the King County Motion and dismisses the claims against the King County Sheriff's Office with prejudice.

**B. Washington State Motion**

The State of Washington (the "State") asserts several bases for dismissal in the Washington State Motion. Dkt. # 30. Plaintiff did not respond to any of the specific legal arguments set forth in the Washington State Motion, instead noting that he has "neither the skill, nor the legal acumen" to refute a presumptively "excellent motion," and broadly reiterating his claim that the State's failure to revoke Mr. Graves' license resulted in the accident that caused his sister's death. Dkt # 31 at 1–2. Plaintiff's failure to respond to the State's legal arguments is, in and of itself, a basis to grant the Washington State Motion. Local Rules W.D. Wash. 7(b)(2); *see also Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) (affirming dismissal of claims where "plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss [the] claims"); *Renato v. Beaulieu*, No. C20-708 RSM, 2022 WL 1607919, at *11 (W.D. Wash. May 20, 2022) (construing plaintiff's "failure to substantively respond as an admission that the motion has merit.").

For the sake of completeness, however, the Court will consider the State's substantive arguments, beginning with its assertions that it has invoked its Eleventh

---

https://www.courts.wa.gov/jislink/?fa=jislink.codeview&dir=clj_manual&file=states#P166_2326. This is publicly available government information that is not subject to reasonable dispute by either party. *See Daniels-Hall v. Nation Educ. Ass'n*, 629 F.992, 998–99 (2010); *Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Amendment immunity and is not a proper defendant in a suit under § 1983. Dkt. # 30 at 7–8. "Claims under § 1983 are limited by the scope of the Eleventh Amendment." *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). Accordingly, states are not "persons" as contemplated by § 1983 and are immune from suit under the Eleventh Amendment unless the state waives its immunity or Congress abrogates it. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–71 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). Because the State is "not a "person" that may be sued under § 1983, and because the State further specifically invoked its immunity in its answer to the complaint, *see* Dkt. # 15 at 6, Plaintiff's claims against the State fail s as matter of law. *Khazali v. Washington*, No. C23-0796JLR, 2023 WL 3866767, at *2 (W.D. Wash. June 7, 2023 (citing *Will*, 491 U.S. at 64–71; *Jenkins v. Washington*, 46 F. Supp. 3d 1110, 1115 (W.D. Wash. 2014)).

Further, Plaintiff's § 1983 claim against the State effectively sound in negligence by the State: he asserts that the State and the other defendants failed to revoke Mr. Graves' license, and this purported oversight resulted in his sister's death. Dkt. # 1 at 6–7. However, recovery under § 1983 is not available in connection with a claim that a "*negligent* act of an official caus[ed] unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original); *see also Davidson v. Cannon*, 474 U.S. 344, 347, (1986) ("where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.") Accordingly, the Complaint fails to state a claim against the State upon which relief can be granted.

Plaintiff also fails to plead an essential element of a negligence claim: the existence of a duty owed.[3] *See Metro. Grp. Prop. & Cas. Ins. Co. v. Fite*, 738 F. Supp. 3d 1371,

[3] Because the Court finds that Plaintiff fails to plead the existing duty element of a negligence claim, the Court declines to reach the State's argument that the Complaint also fails to plead the required proximate cause element. *See* Dkt. # 30 at 14–15.

1383 (W.D. Wash. 2024) (citations omitted). In a negligence claim against the government a plaintiff must demonstrate that the duty is "owed to the injured plaintiff, and not … owed to the public in general." *Cummins v. Lewis Cnty.*, 156 Wash. 2d 844, 852, 133 P.3d 458, 461 (2006). This is known as the "public duty doctrine." Here, Plaintiff fails to demonstrate that the State owed a specific duty to his sister in connection with the handling of Mr. Graves' driving privileges, rather than the public at large. Indeed, state laws governing licensing issues explicitly provide that the "common denominator" of these laws are "directed toward protecting and enhancing the well-being of the residents of the state." RCW 46.01.011.

Plaintiff also fails to plead that any of the four exceptions to the public duty doctrine—the special relationship exception, the legislative intent exception, the failure to enforce exception, or the volunteer rescue exception—applies. *Babcock v. Mason Cnty. Fire Dist. No. 6*, 144 Wash. 2d 774, 785–86 (2001). The special relationship exception applies when "a relationship exists between the governmental agent and any reasonably foreseeable plaintiff, setting the injured plaintiff off from the general public and the plaintiff relies on explicit assurances given by the agent or assurances inherent in a duty vested in a governmental entity." *Bailey v. Town of Forks*, 108 Wash. 2d 262, 268 (1987), *amended*, 753 P.2d 523 (1988). Here, Plaintiff does not identify any explicit assurances allegedly made by the State to his sister. The legislative intent exception applies when "the terms of a legislative enactment evidence an intent to identify and protect a particular and circumscribed class of persons." *Id.* Here, as evidenced by the language of RCW 46.01.011, the laws relevant to Plaintiff's claim are intended to protect Washington residents as a whole, rather than a particular and circumscribed class of persons.

The volunteer rescue exception is similarly inapposite, as it applies when "governmental agents fail to exercise reasonable care after assuming a duty to warn or come to the aid of a particular plaintiff." *Id.* Here, there is no allegation that the State assumed a duty to warn or come to Ms. Austin's aid as contemplated by this exception.

Finally, the failure to enforce exception applies when "governmental agents responsible for enforcing statutory requirements possess actual knowledge of a statutory violation, fail to take corrective action despite a statutory duty to do so, and the plaintiff is within the class the statute intended to protect." *Id.* While Mr. Austin's Complaint does appear to allege that the State failed to act after the initial August 2023 collision involving Mr. Graves, the Complaint does not demonstrate that the State had "actual knowledge" of any statutory violations, as required to invoke this exception.

The claims against the State are therefore subject to dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6). The Court accordingly grants the Washington State Motion and dismisses the claims against the State of Washington with prejudice.

## V. CONCLUSION

For the forgoing reasons, the Court **GRANTS** the King County Motion and the Washington State Motion with prejudice. Dkt. ## 17, 30. The Court **DENIES AS MOOT** the Summary Judgment Motion. Dkt. # 9.

Dated this 24th day of July, 2026.

The Honorable Richard A. Jones
United States District Judge